IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH JOAQUIN YANEZ, ) | | |
| #02376852, ) | | |
| ) | | |
| Petitioner, ) | | |
| ) | CIVIL ACTION NO. | |
| VS. ) | | |
| ) | 3:24-CV-2973-G-BW | |
| STATE OF TEXAS, ) | | |
| ) | | |
| Respondent. ) | | |

## ORDER

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation ("FCR") in this case on June 25, 2025, recommending that the court deny Petitioner Joseph Joaquin Yanez's incomplete application to proceed *in forma pauperis* ("IFP"), received on April 14, 2025 ("April 14 IFP Application"), and dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b). *See* docket entry 16. On July 15, 2025, Petitioner filed objections to the FCR and a completed IFP application with the required certificate of inmate trust account ("July 15 IFP Application"). *See* docket entries 17-18. The court has conducted a *de novo* review of those portions of the FCR to which objection was made and has reviewed Petitioner's July 15 IFP Application.

The FCR recommended that Petitioner's April 14 IFP Application be denied because it was incomplete and because Petitioner had failed to provide a completed and properly signed certificate of inmate trust account, or comparable statement, by the deadline provided by the court's April 17, 2025 notice of deficiency and order expressly advising Petitioner that his application did not provide sufficient information to determine whether IFP status was appropriate and directing him to provide the appropriate documents.  *See* docket entry 16 at 2.  In his objections, Petitioner stated that he did not receive the April 17 deficiency order and that he was submitting the July 15 IFP Application in response to the FCR.  *See* docket entry 17.  The July 15 IFP Application submitted with his objections shows that Petitioner has a current balance of $29.42 and has deposits totaling $1,050.00 over the last six months, which amounts both reflect sufficient funds to pay the $5.00 filing fee for this habeas action.  *See* docket entry 18 at 3.

Accordingly, having considered Petitioner's pleadings, the record in this case, and the FCR, the court determines that the findings and conclusions of the Magistrate Judge are correct and **ACCEPTS** them as those of the court as they relate to the April 14 IFP Application.  The court therefore **DENIES** the April 14 IFP Application also **DENIES** Petitioner's July 15 IFP Application based on the sufficiency of available funds to pay the $5.00 filing fee, as discussed.

The court **ORDERS** Petitioner to pay the $5.00 filing fee for this action within 30 days from the date of this order. Failure to comply with this order will result in dismissal of this habeas action by separate judgment and without further notice pursuant to Rule 41(b) for failure to prosecute or follow orders of the court.

**SO ORDERED**.

August 25, 2025.

_____
**A. JOE FISH**
**Senior United States District Judge**

- 3 -